MURRAY, RESPONDENT, *v.* CITY OF BUTTE, APPELLANT.

(No. 1,933.)

(Submitted June 18, 1904. Decided July 11, 1904.)

*Ejectment — Evidence — Stipulations —Effect — Appeal — Error Induced by Party—Harmless Error.*

1. Where plaintiff objected to the introduction of any evidence of conditions subsequent to a certain date, and his objection was sustained, he could not complain of the subsequent limitation of his own evidence to the showing of conditions prior to the date named.
2. A stipulation that certain streets within the boundaries of plaintiff's mining claim were used as public highways prior to the location of such claim, and had ever since been used as such, was, in effect, an admission by plaintiff of defendant's claim that the ground was occupied as a public highway at the time of the location of the claim.
3. Witness was asked whether he had any placer ground prior to 1875, and answered that he did not remember whether he bought a certain person out in 1875 or 1876. The court struck out the portion of the answer "concerning the buying of placer ground prior to 1875." *Held,* that the ruling was practically without meaning and harmless.

VOL. XXXI—12

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

Action by James A. Murray against the city of Butte. From an order granting plaintiff a new trial, defendant appeals. Reversed.

*Mr. E. M. Lamb,* and *Mr. J. L. Templeman,* for Appellant.

We concede that an order granting or refusing a new trial on the ground of the insufficiency of the evidence will be reversed only for an abuse of discretion on the part of the trial court. (*Chauvin* v. *Valiton,* 7 Mont. 584; *Landsman* v. *Thompson,* 9 Mont. 189; *Kilby* v. *Baker,* 9 Mont. 399; *Falk* v. *Brown,* 13 Mont. 126; *Mattock* v. *Goughnour,* 13 Mont. 301; *Haggin* v. *Saile,* 14 Mont. 80.) And that such an abuse must be clearly shown. (*Murray* v. *Heinze,* 17 Mont. 356.) But at the same time we submit that conclusions of fact reached by a jury should have great weight, and should not be lightly cast aside by judicial action. (Constitution, Art. III, Sec. 23.)

Plaintiff must recover, if at all, on the strength of his own title, and not because of the weakness or want of title in defendant; and the burden rests upon the plaintiff to prove the title he asserts. (10 Am. and Eng. Ency. of Law, 2d Ed., 481; 17 Am. Dig., Century Ed., 1963; Newell on Ejectment, 354; *Farley* v. *Parker,* 4 Ore. 269.)

It is a well established rule in the action of ejectment that where both parties assert title from a common grantor and no other source, it is not usually necessary for the plaintiff to go back of the common source in order to prove title upon which he can recover. It is enough that he shows a better title through the common source than the defendant can show through the same source. (10 Am. and Eng. Ency. of Law, 2d Ed., 491, and cases cited.)

Possession is presumptive evidence of right and ownership. (*Hall* v. *Gittings,* (Md.) 2 Har. & J., 112; *Robertson* v. *Smith,* 1 Mont. 415; *Mason* v. *Park,* 4 Ill. (3 Scam.) 532.)

A grantor cannot, as against his prior grantee, convey more than such grantor has at the time of the conveyance, and the United States in this respect differs from no other grantor. (*Murray* v. *City of Butte,* 7 Mont. 68.)

The grant under which the defendant claims is the highest evidence of title. (*Northern Pac. Ry. Co.* v. *Majors,* 5 Mont. 111; *Murray* v. *City of Butte,* 7 Mont. 67.)

The burden of proving the legal title to the premises was on plaintiff. (*Fuller* v. *Worth,* (Wis.) 64 N. W. 995; *Rowland* v. *Updike,* 28 N. J. L. (4 Dutch.) 101; *Davis* v. *Davis,* 68 Miss. 478, 10 So. 70; *Hulsey* v. *Wood,* 55 Mo. 252; *Bohman* v. *Bishop,* 23 S. C. 96; *Bynum* v. *Gold,* 103 Ala. 427, 17 So. 667; *Bodenheimer* v. *Chesson,* 111 Ala. 539, 20 So. 364; *Rush* v. *French,* (Ariz.) 25 Pac. 816; *Wurts* v. *Mullen,* 6 Colo. 576; *Howard* v. *Lock,* (Ky.) 22 S. W. 332; *Owensboro, etc. R. R. Co.* v. *Barker,* (Ky.) 22 S. W. 444; *Murray* v. *Boisier,* (La.) 10 Mart. (O. S.) 293; *Mason* v. *Park,* 4 Ill. (3 Scam.) 532; *Daudt* v. *Harmon,* 16 Mo. App. 203; *Martin* v. *Kelley,* (Ky.) 30 S. W. 612; *Farley* v. *Parker,* 4 Oregon, 269.)

Defendant's present possession of the ground thus dedicated to public travel is presumptive evidence of ownership and right. (*Robertson* v. *Smith,* 1 Mont. 415; *Mason* v. *Park,* 4 Ill. (3 Scam.) 532.)

There is no doubt that public user—such as was commensurate with the needs and necessities of the inhabitants of Butte—of the ground covered by the streets and alleys in controversy prior to the inception of plaintiff's title, namely, April 16, 1875, was a sufficient acceptance under the congressional act of 1866 to preclude the passage of the legal title to the ground so covered by the streets and alleys to the grantees of the patent under which plaintiff claims. (*Murray* v. *City of Butte,* 7 Mont. 61; *City of Cincinnati* v. *White's Lessees,* 6 Pet. 431; *Smith* v. *Town of Flora,* 64 Ill. 93; *New Orleans* v. *United States,* 10 Peters, 661; Elliott, Roads and Streets, 2d Ed., Secs. 147, 149.)

Weighing all the testimony in this case and the presumptions and deductions in defendant's favor, it cannot be said that the jury was guilty of any irrational inference in arriving at its conclusions of fact. (*Griffith* v. *Dickens*, 2 B. Mon. 20; *Paterson* v. *Hansel*, 67 Ky. (4 Bush.) 661; *Wall* v. *Hill's Heirs*, 40 Ky. (1 B. Mon.) 290; *Orr* v. *Haskell*, 2 Mont. 228.)

*Mr. James E. Murray, Mr. M. J. Cavanaugh,* and *Mr. H. P. Napton,* for Respondent.

It devolved upon appellant to show by pleading and to prove by a preponderance of evidence that the streets and highways claimed by them came within the purview of said act of congress; that is, that they were constructed upon public land not reserved for public use. It being necessary to prove this, they must allege it, and not having alleged it, they could not prove it, and the objection of respondent was improperly overruled (*Robinson* v. *Smith*, 1 Mont. 410.)

To come within the purview of the act of congress relied upon at the time the streets or highways were constructed, the land over which they were located must have been public land not reserved for other purposes. If the land had been located as placer, it was not public, and the fact that it was afterwards abandoned and was public when the Smokehouse was located, would make no difference. The character of the land at the inception of the right claimed is determinate of the question, and the principle announced by this court, and the supreme court, in the case of *Belk* v. *Meagher,* applies here with equal force. Land is not public land while there is a valid location existing upon it, and any rights attempted to be initiated while such location is in ease are void. (3 Mont. 65, 104 U. W. S. 279; *Robinson* v. *Smith*, 1 Mont. 410.)

Photos are competent evidence, and they constitute the best possible evidence of the physical appearance of conditions that have ceased to exist. (*Denver Elec. R. Co.* v. *Rolley*, (C. A. A.) 100 Fed. 738; *Kansas City R. Co.* v. *Smith*, 24 Am. St.

Rep. 753; *Bach* v. *Iowa Cent. R. Co.,* 112 Iowa, 241; *Williams*
v. *Brooklyn El. Ry. Co.,* 32 N. Y. St. Rep. 702.)

A verdict given in the face of the instructions is contrary to
law. (*King* v. *Lincoln,* 26 Mont. 157; *Murray* v. *Heinze,* 17
Mont. 353.)

Where a motion for a new trial is made on the ground of the
insufficiency of the evidence to sustain the verdict, the motion
is addressed to the discretion of the trial judge, and where there
is a substantial conflict even, his order will not be disturbed.
(*State* v. *Schnepel,* 23 Mont. 523.)

MR. COMMISSIONER POORMAN prepared the follow-
ing opinion for the court:

This is an action in ejectment. Verdict and judgment were
for defendant. Plaintiff moved for a new trial, which was
granted, and the defendant appeals.

It appears from the record that the Smokehouse lode claim
was located April 16, 1875; that the same is within the corpo-
rate limits of the city of Butte; that title to this claim, or an
undivided interest therein, afterwards passed by mesne convey-
ance to this plaintiff; that in July, 1882, the plaintiff instituted
this action, claiming to be the owner of the ground; that he had
been ousted from the same by the defendant, who was then in
possession. The action therefore appears to have been pending
in the courts for about twenty-two years. The defendant dis-
claims any right to the possession of any part of the claim other
than that conveyed to it by deeds, except its right to the use of
that portion of the ground occupied by and used as streets and
alleys, and alleges that this ground was so used and occupied
prior to the location of this lode claim and under the Act of
Congress of July 26, 1866, c. 262 (14 Stat. 251), giving the
right of way for the construction of highways over public lands,
etc.

At the trial of the action the plaintiff introduced evidence of
his title, and of the rental value of the ground occupied by the

city, and rested.   The defendant introduced evidence tending
to show that the ground in dispute had been regularly laid out
and used as streets and alleys of the town of Butte prior to
April 16, 1875.   Defendant also sought to show by evidence
certain conditions existing and proceedings taken relative to
the laying out of the townsite of Butte subsequent to that date.
The plaintiff, however, objected to the introduction of any
evidence along that line after April 16, 1875, and the court
refused to admit the evidence.   The case was then tried upon
the theory that no evidence relative to conditions existing sub-
sequent to April 16, 1875, was admissible.

The plaintiff in his rebuttal testimony sought to show certain
conditions existing subsequent to this last-named date, but the
court adhered to the former ruling which it had made in sus-
taining plaintiff's objection, and refused to admit the evidence.
The court also refused to admit in evidence a photograph al-
leged to have been taken in October, 1875.   The plaintiff as-
signed these rulings of the court as error, and the court granted
a new trial.

It is evident that if it were error to refuse evidence tending
to show conditions existing subsequent to April 16, 1875, the
court was led into the error by the plaintiff; and as was said in
*Newell* v. *Meyendorff,* 9 Mont. 254, 23 Pac. 333, 8 L. R. A.
440, 18 Am. St. Rep. 738 : "A party in an action is bound by
his pleadings.   He is also bound by the rulings of the court
which he obtains upon his own motion, and is estopped from
claiming such ruling as error.   (2 Herman on Estoppel, Sec. 823,
and note.)   A party is bound by his theory and presentation of
his case.   'A party cannot get relief on one basis, and then seek
a new chance to litigate, on the suggestion that he has a defense
which he did not see fit to rely on before.' "

The photograph of defendant city taken in October, 1875,
was offered in evidence.   The court, in ruling thereon, said : "It
may be introduced for the purpose of showing the condition of
Butte prior to April 16, 1875."   The plaintiff, however, refused

to put the photograph in evidence for this restricted purpose; showing conclusively that the object of the plaintiff was to show conditions existing subsequent to April 16, 1875. The plaintiff could not complain of the action of the court in limiting this evidence to the time named.

It was further alleged that the court erred in not rendering judgment for the plaintiff on the stipulation filed. This stipulation is to the effect that Broadway street, Park street, Main street and Granite street, within the boundary lines of what is known as the "Smokehouse Lode Mining Claim," were used as public highways prior to and at the time of the alleged location of the Smokehouse lode, and that the same have ever since been used as such. This stipulation was in effect an admission by the plaintiff of defendant's contention respecting the streets named therein, to-wit, that this ground was occupied as public highways at the time of the location of this mining claim.

It was further claimed by plaintiff that the court erred in striking out certain testimony of the witness Kroft relative to the existence of a placer claim on the ground in dispute. The question asked the witness was: "I will ask you if you had any placer ground within the limits of the Smokehouse lode location prior to 1875, or any other place?" To this question the witness replied: "I do not know when I bought Version out—whether it was in 1875 or 1876. I bought him out in that time." The defendant moved to strike out this answer as being incompetent and immaterial, and as being too indefinite as to time. The court made this ruling: "Strike out that portion concerning the buying of placer ground prior to 1875." Inasmuch as there was no evidence of the buying of any placer ground prior to 1875, the ruling of the court was practically without meaning and harmless.

It was further maintained by the plaintiff, in urging his motion for a new trial, that the evidence was insufficient to sustain the verdict. This claim cannot be sustained. Several witnesses on the part of defendant testified to the existence of these

streets and alleys prior to the location of the mining claim, and, while there was some evidence tending to show that some portions of some of the streets did not exist at that time, the variance is too slight to be regarded as a substantial conflict.

From the evidence presented in this record, but one conclusion can be reached, and that is embodied in the verdict of the jury. The evidence excluded was excluded in accordance with the theory of the case which the plaintiff himself had led the court to establish, and is therefore not error of which the plaintiff can complain.

We find no error in this record which would justify the court in setting aside the verdict of the jury and in granting plaintiff a new trial. We therefore recommend that the order granting the new trial be reversed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order granting a new trial is reversed.

MR. JUSTICE MILBURN, not having heard the argument, takes no part in the decision.

Rehearing denied September 30, 1904.